IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jonathan Hammonds, *et al.*, ) | |
| ) | Civil Action No. 9:22-cv-1251-RMG |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Estate Management Services, Inc., ) | |
| and John Milton Crab, III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiffs and Defendants (the "Parties")'s joint motion for settlement approval (Dkt. No. 75). For the reasons set forth below, the Court grants the motion.

### I.    Facts

Plaintiffs Johnathon Hammonds, Kaleb Riggan, David Biecker, Brendan Dutchak, Benjamin Clough, Julie Evans, Brent Carey, Tylone Duhart, Rodney Lemon (collectively "Plaintiffs"), along with Laurie Gawin[1] (together with Plaintiffs, "Claimants") filed this action against Defendants Estate Management Services, Inc. and John Milton Crab, III (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10, *et seq.*, and the Equal Pay Act of 1963 ("EPA"). *See* First Amended Collective Action Complaint, (Dkt. No. 70).

---

[1] Gawin is a former employee of Defendants who alleges she has a FLSA claim. Gawin has not filed a lawsuit; however, she agreed to settle her claim in exchange for signing a full release. (Dkt. No. 75 at 6 n.2).

This lawsuit was initially filed in the Beaufort County Court of Common Pleas on April 14, 2022, by Albert Rattacasa and Hammonds. Hammonds brought individual and class claims for unpaid commissions pursuant to the SCPWA. Rattacasa brought individual claims under a variety of theories. Defendants removed this action to the United States District Court for the District of South Carolina, Beaufort Division on April 18, 2022. (Dkt. No. 1). On April 26, 2022, Rattacasa and Hammonds filed an Amended Collective Action Complaint which included Riggan, Biecker, Dutchak, Clough, Evans, and Carey. (Dkt. No. 5). Evans brought an individual claim under the EPA and the other Plaintiffs alleged that the Defendants failed to pay them, and similarly situated Spray Technicians and Airboat Captains, overtime in violation of the FLSA. Defendants filed an Answer on June 9, 2022, which included counterclaims, against Rattacasa. (Dkt. No. 21). On May 16, 2022, the FLSA Plaintiffs filed a motion for conditional certification. (Dkt. No. 15). The Defendants filed a Response in Opposition. (Dkt. No. 16). The motion for conditional certification was denied as moot on November 15, 2022. (Dkt. No. 69).

Opt-In Plaintiff Duhart filed a Notice of Joinder on October 6, 2022. (Dkt. No. 62). Opt-In Plaintiff Lemon filed a Notice of Joinder on November 29, 2022. (Dkt. No. 73).

The Parties exchanged written interrogatories, requests for production, and requests for admissions. (Dkt. No. 75 at 4). During a telephonic hearing on October 21, 2022, the Court severed the individual claims of Rattacasa and Defendants' respective counterclaims against Rattacasa. (Dkt. No. 65). Rattacasa was directed to file a new complaint. The remaining Plaintiffs were directed to file an amended complaint relating to the FLSA, SCPWA, and EPA claims.

On November 15, 2022, Plaintiffs filed an Amended Complaint in this action as directed by the Court. (Dkt. No. 70).

The Parties engaged in settlement negotiations and reached the below settlement with respect to the FLSA, SCPWA, and EPA claims. The Parties now seek Court approval of the settlement. (Dkt. No. 75 at 4).

## II.     Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986) ("Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III.    Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorney's fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. 2013).

Claimants allege they regularly worked between ten to thirty hours of overtime they were not paid for. Evans alleges Defendants paid her a lower hourly rate than male colleagues who performed the identical job. Hammonds alleges Defendants owe him unpaid commissions under the SCPWA. Defendants deny these allegations. A bona fide dispute exists.

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object;[2] and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) *citing Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1 :08CV131 0(AJT/JF A), 2009 WL 3094955, at *10 (E.D. Va. 2009).

The Parties have agreed to a total settlement amount of $125,000.00 (the "Settlement Amount"). (Dkt. No. 75 at 5). Each claimant would recover as follows:

1. Riggan $18,000.00

2. Biecker $12,450.00

3. Dutchak $12,687.50

4. Clough $5,800.00

5. Carey $500.00

6. Gawin $10,500.00

---

[2] Because the Parties have reached a settlement individual to Plaintiffs, the Court will not analyze this factor.

      7. Lemon $2,200.00

      8. Duhart $10,400.00

These figures represent the number of hours each Claimant worked in the statutory time period multiplied by the alleged overtime hours worked, multiplied by one-half the Claimant's regular hourly rate of pay. (Dkt. No. 75 at 2, 5-6) (noting each Claimant's hourly rate of pay was approximately $11-$16); (*Id.* at 10) (noting the settlement "fully compensates the Claimants for twenty-five (25) hours of overtime a week for two years from when they joined this lawsuit, and then some"). Further, Hammonds agrees to settle his SCPWA claim for $5,000.00 and Evans her EPA claim in the amount of $13,920.000. (*Id.* at 6).

      The settlement also includes $33,142.50 in fees and $400.00 in costs for Marybeth Mullaney, Esq., Plaintiffs' counsel. This figure represents 26.83% of the gross settlement. Plaintiffs' counsel worked 154.1 hours on this case for a lodestar amount of $55,605.00. (Dkt. No. 75-2 at 3) (noting this figure includes Plaintiffs' counsel's paralegal who worked 17 hours on this matter at an hourly rate of $75). This Court has previously approved Plaintiffs' counsel's hourly rate of $300.00 in *Sellers v. Keller Unlimited LLC*, 2:17-cv-02758-RMG, 2019 WL 5788124 (D.S.C. Nov. 26, 2019). Plaintiffs' counsel's hourly rate in this matter is $350.00. (Dkt. No. 75-2 at 3).

      The Court finds the settlement is fair and reasonable. To begin with, the amount and calculations reflect a fair and reasonable amount and a beneficial outcome for Claimants. Sufficient discovery has taken place concerning Claimants' claims. (Dkt. No. 75 at 5). The Parties have engaged in continuous arms-length negotiations and there is no evidence of fraud or collusion. (*Id.* at 3-4). Further, without settlement, the case would likely continue to be expensive. Given the length of time, the discovery exchanged, and the extent to which both Parties' attorneys

are familiar with the case, they are in a good position to evaluate their claims and defenses and the likelihood of success at trial. Counsel in this case are experienced, with both Parties' counsel having extensive experience in wage-and-hour litigation. *See* (*id.* at 9). The Parties also disagree as to the likelihood of success. *See* (*id.* at 9-10). Further, the amount of the award, which represents alleged unpaid wages, is clearly fair and reasonable. Considering the stage of litigation, absence of fraud, settlement amount, experience of counsel, and uncertainties as to success, the Court finds the Settlement Amount to be fair and reasonable.

Finally, $33,542.50 for attorney's fees and costs is reasonable and, as it was negotiated separately from the Settlement Amount discussed above, permissible under the FLSA. (*Id.* at 6-7). Reviewing the twelve factors articulated by *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978): (1) Plaintiffs' counsel expended 154.1 hours litigating and negotiating Claimants' claims and based on Plaintiffs' counsel typical hourly rate of $350.00, would be a lodestar amount of $55,205.00[3], and had $400.00 in out-of-pocket costs (*id.* at 4-5); (2) the case involved difficult issues, implicating damages calculations and discovery; (3) the negotiation of this settlement required and was benefited by skilled counsel with FLSA experience; (4) Plaintiffs' counsel was precluded from pursuing other employment because of the roughly 154.1 hours spent working on this case; (5) the customary fee for 154.1 hours of legal work generally exceeds $33,142.50, and represents an hourly rate below Plaintiff's counsel's regular hourly rates of $350.00, which would equal a lodestar of $55,205.00; (6) the case was taken on as a contingent fee, based solely on potential recovery of costs and fees if Plaintiffs prevailed or a settlement was reached; (7) while there is no indication of any time limits imposed by Claimants, the statute of limitations in FLSA

---

[3] This lodestar amount also includes time spent by Plaintiffs' counsel's paralegal on this matter. (Dkt. No. 75-2 at 3).

actions required fast action by Plaintiffs' counsel; (8) as discussed above, Plaintiffs' counsel negotiated a very beneficial result for Claimants; (9) Plaintiffs' counsel has extensive experience in FLSA litigation; (10) there is no indication this case was particularly undesirable for a wage and hour claim, though the Court notes the difficulty and risk of taking on FLSA litigation in general and on a contingent basis; (11) this case was filed in April 2022 and therefore Plaintiffs' attorney and Claimants have a longstanding relationship; (12) if measured as a percentage of the settlement, the attorney's fee is commensurate with awards in similar cases. *See DeWitt v. Darlington County*, No. 4:11–cv–00740–RBH, 2013 WL 6408371, at *9 (D.S.C. 2016). Therefore, under the *Barber* factors, the proposed attorneys' fees are reasonable.

### IV.    Conclusion

For the reasons above, the Court **GRANTS** the Parties' joint motion for court approval of settlement (Dkt. No. 75) and **DISMISSES** the action **WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

January 23, 2023  
Charleston, South Carolina